# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT MAIETTA, | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )    No. 2:17-cv-00054-NT |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
|        Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ failed to consider a vocational expert's testimony that he required an accommodation in the form of a special chair. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 12) at 3-7. Because that testimony lacks foundation in the record, I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 12, 2017, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

through December 31, 2015, Finding 1, Record at 20; that he had severe impairments of atrial fibrillation and morbid obesity, Finding 3, *id.*; that he had the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 C.F.R. § 404.1567(b), Finding 5, *id.* at 22; that, considering his age (47 years old, defined as a younger individual, as of his alleged disability onset date, August 2, 2011, and subsequently changing age categories to closely approaching advanced age),[2] education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 27; and that he, therefore, had not been disabled from August 2, 2011, his alleged onset date of disability, through December 31, 2015, his date last insured for SSD benefits, Finding 11, *id.* at 28. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

---

[2] The ALJ mistakenly stated that the plaintiff, who was born on July 30, 1964, was 51 years old, *defined as a younger individual*, as of his date last insured, subsequently changing age categories. *See* Finding 7, Record at 27. In fact, he fell into the age category of a younger individual as of his alleged disability onset date, subsequently changing age categories to closely approaching advanced age. Nothing turns on the error, which I have corrected.

2

*Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff, who testified that he was six feet four inches tall and weighed 490 pounds, *see* Record at 39-40, raises one issue on appeal: that the ALJ ignored testimony of a vocational expert ("VE") that it would be a "reasonable accommodation" to provide him with a special bariatric chair, or, as his counsel refined the point at oral argument, a larger chair, *see* Statement of Errors at 3, 7; Record at 52.[3]

He argues that this was reversible error because:

1.  Social Security Ruling 02-1p ("SSR 02-1p") directs that an ALJ should assess the effect obesity has upon an individual's ability to perform routine movement and necessary physical activity in a work setting, *see* Statement of Errors at 5 n.3; SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017), at 255; and

2.  If he could not perform the jobs at issue without a "reasonable accommodation" as that phrase is defined in the Americans with Disabilities Act ("ADA"), he should not have been found capable of performing them for purposes of his SSD application. *See* Statement of Errors at 6; Social Security Ruling 00-1c, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017) ("SSR 00-1c"), at 221 ("[W]hen the SSA [Social Security Administration] determines whether an individual is disabled for SSDI purposes, it does not take the possibility of 'reasonable accommodation' into account . . . . [A]n ADA suit claiming that the [claimant] can perform her job with reasonable accommodation may well prove consistent with an

---

[3] The plaintiff neglected to file two exhibits to his statement of errors pertaining to bariatric chairs. *See* Statement of Errors at 7. Nothing turns on the omission. He points to no evidence of record that he required such a chair.

3

SSDI claim that the [claimant] could not perform her own job (or other jobs) without it."); *Sullivan v. Halter*, 135 F. Supp.2d 985, 987-88 (S.D. Iowa 2001) ("Whether or how an employer might be willing, or required, to alter job duties to suit the limitations of a specific individual is not relevant because Social Security's assessment must be based on broad vocational patterns rather than on any individual employer's practices.") (citation and internal punctuation omitted).

The commissioner rejoins that the plaintiff's argument rests on a fatally flawed premise, because there is no evidence that he needed a bariatric chair or, even, a larger chair. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 4-7. In the alternative, she argues that, even assuming that the plaintiff did need a larger chair, remand is unwarranted because the provision of a larger chair is the sort of accommodation that would be granted broadly rather than according to an individual's employer's practices. *See id*. at 6-7; *Jones v. Apfel*, 174 F.3d 692, 693-94 (5th Cir. 1999) (no reversible error when VE's testimony indicated that provision of a sit-stand option was "a prevalent accommodation in the workplace" and, thus, "based on broad vocational patterns . . . rather than on any individual employer's practices") (citations and internal quotation marks omitted).

I conclude that the commissioner's threshold argument, that there is no evidence that the plaintiff needed a larger chair, is dispositive in her favor and, hence, do not reach her alternative point.

In response to questions from his counsel at hearing, the plaintiff testified, in relevant part:

Q . . . And are you able to sit in regular office chairs and desks?

A Nope.

Q Okay.

A This one you have here, I'll tell you, a lot of places I go, I can't sit in the chairs because they're made for people like you.

4

> Q Yes.
>
> A And I can't get in those, it's embarrassing, but –
>
> Q Okay.
>
> A I don't go out to eat because I can't fit in the chairs.
>
> Q Okay.
>
> A If they've got sides on them, I can't get in them. And I know everybody, you know, they tell you to go on a diet. And I've tried everything for 30 years. And I've just been big. My mother and father were big. . . . And it's just, I don't go a lot of places because of the seating. Or I call ahead to see if they have a chair with no arms.

Record at 46-47.

The plaintiff's counsel later asked the VE: "[W]ouldn't it be an accommodation to have larger size chairs brought into the office place?" *Id*. at 52. The VE responded, "Yes, I think probably what you call a reasonable accommodation, yes." *Id*.

The ALJ omitted any mention of the testimony of either the plaintiff or the VE regarding chairs. *See id*. at 20-28.

At oral argument, the plaintiff's counsel contended that her client's testimony as a whole should be read to indicate that he required larger than normal chairs, considering his statements at the outset that he could not sit in "regular office chairs" or chairs "made for people like you[,]" referring to his counsel, an average-sized person, and did not go out to eat because he could not "fit in the chairs." *Id*. at 46-47. She added that, in view of that testimony and the plaintiff's size and body mass index, the court could draw a commonsense inference that a normal-sized office chair would be insufficiently strong and wide to accommodate him.

However, as counsel for the commissioner emphasized, the only specific need for accommodation to which the plaintiff testified was the need for a chair without arms or sides. *See*

*id*. at 46-47. It is not otherwise clear what he meant in testifying that he was not able to sit in "regular office chairs[,]" *id*. at 46. The ALJ was not required to draw an inference that the plaintiff required a larger chair; rather, it was the plaintiff's burden to prove that he did. *See, e.g.*, 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the [ALJ] hearing decision.").

The plaintiff did not argue either in his statement or errors or through counsel at oral argument that his need for a chair without arms or sides would preclude his performance of the jobs on which the ALJ relied, nor was the VE asked whether that need constituted an accommodation. *See* Statement of Errors at 4-7; Record at 52. The lack of a factual predicate for the arguments that he does make – his asserted need for either a bariatric or larger chair – is dispositive in the commissioner's favor, rendering the error of which he complains harmless. *See, e.g., Patterson v. Colvin*, 95 F. Supp.3d 104, 118 (D. Mass. 2015) (ALJ not required to accept VE's testimony in response to hypothetical question posed by claimant's attorney that lacks a foundation in evidence).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

6

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 2nd day of October, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
